## .IN THE COURT OF THE FEDERAL DISTRICT OF SOUTH DAKOTA

Christopher William (Bruce) The Living Man     Case # 19-4096

    Claimant

v.

Paul Ten Haken, Sean Kooistra, AAA     AMENDED CLAIM
Collections, LLC.

    Defendants

---

I, Christopher William (Bruce), The Living Man, on this date, do bring action against Paul Ten Haken, Sean Kooistra and AAA Collections for the purpose of claiming damage in fact in an Article III court of common law.

**STANDING**

The claimant has standing, in that he is no U.S. Citizen, but instead is a twice authenticated State National of the Republic, in the Territory of South Dakota; a living breathing man and a "South Dakotan;" and not a "Resident" of the corporate entities of THE STATE OF SOUTH DAKOTA, INC., or THE CITY OF SIOUX FALLS, INC.

**VENUE**

As these events occurred in the territory of South Dakota, and the claimant lives in this territory, as does the defending party, venue is located in this federal district.

**JURISDICTION**

This matter falls under the "Federal Question" jurisdiction; and subject matter falls under this court, since the question concerns a conspiracy against the Constitutional rights of the claimant (18 U.S.C. §241), and that attempts were made to deprive the claimant of his unalienable and Constitutional rights using color of law (42 U.S.C. §1983). Also, a matter concerning the reach of the "Freedom of Information Act" is in question. It should also be noted that this matter has gone as far as possible where the COUNTY OF MINNEHAHA INC. is concerned, as the State court would not allow the claimant to file an action without a "State issued ID." The claimant also claims and reserves his rights.

**FACTS OF THE CASE**

1. On or around the date of November 18th, a message was submitted to Defendant Ten Haken, informing him that he and the claimants had a friend in common, and that this person knew his whole family. The claimant left this message as only a friendly heads up

1

that he and the defendant knew someone in common that the claimant respected, and that he guessed the defendant did too.

2. On November 20th, the claimant received a voicemail from a Sean Kooistra, asking the claimant to return his call.

3. Upon returning this call, Sean Kooistra proceeded to warn the claimant that he should no longer send such a personal message to Mr. Ten Haken, presenting that he intended to conspire with defendant Ten Haken to violate his inalienable right of free speech.

4. On or around the date of March 10th, 2019, the claimant sent several copies of a document to around 72 city workers, which included a quote of his that said: "I bet the first person to say "You can't fight city hall" was a person who worked for city hall who was tired of people fighting city hall all the time. I say, you can fight city hall, you just need a bigger gun, better bullets and harder armor. – Christopher, The Living Man"

5. On the date of March 12th, the claimant received a voicemail from Sean Kooistra, asking the claimant to return the call.

6. On the same date, the claimant returned his call, and Sean Kooistra warned him to remove this quote from the document before sending it to anyone else, essentially presenting once again, that he intended to conspire with the defendant, Mr. Ten Haken, to violate the claimant's inalienable right of free speech.

7. On the date of or around December 29th, 2018, a FOIA request question and answer sheet was submitted to "The City of Sioux Falls, Inc.,", a business run by Mr. Paul Ten Haken, its apparent Administrator; via email; asking for all information available on record for on a brand new technology currently being installed within the limits of "The City of Sioux Falls, Inc." - The 5G Cell Phone upgrade; and the plan to make Sioux Falls a "Smart City", as well as all information about its new LED lighting system.

8. On the date of or around December 31st, a return email was sent to the claimant, inferring that, in providing answer to the FOIA, the claimant could possibly incur some additional costs. The first was quoted as $.10/copy, and the 2nd at $7.50/hr. for "record searching," as it is not at all described in any detail in "The City of Sioux Falls" ordinance of 41.003; nor did it even appear as absolute that these service charges would occur. The statute reads, ver batum:\

> "a. The following fees shall be paid for record search and production of documents for the public: Service: Photocopies/page@$0.10; Record Search/hour@$7.50"

> **NOTE:** This statute and its chapter do nothing to define these services at all.

9. The claimant emailed back to "The City of Sioux Falls, Inc." an email, which only said: "That's fine. Go ahead."

10. On the date of approximately February 2, 2019, the claimant received the answer to the request, in the form of approximately 12 pages of a printed reply letter ($.10/copy x 12 = $1.20) and a small off-brand 8 GB thumb drive with approximately 20 varying files on it, of which 2 were possibly useful in my request (the contract for Verizon, and another like it). The answers to the specific questions asked in the FOIA request were largely not answered and fielded as not being the responsibility of the City's Council to answer; nor were any attempts made to direct the claimant to anywhere that he might find these answers. Included with this package was a bill as issued the claimant by "The City of Sioux Falls (Inc.)" in the amount of $115.82, for 14 hours of "Multi-Media Support", a term not described in this business's "codes", those quoted in billing the claimant; nor was this "support" mentioned as possibly chargeable at all in the corresponding emails.\

11. On the date of February 8th, 2019, the claimant sent payment and a letter to "The City of Sioux Falls, Inc." The claimant offered to settle this unlawful bill in the form of the only recently discoverable means of making this payment lawfully that he was aware of: coffee beans, at a rate of 1 whole bean per dollar, and which also included the full set of legal paperwork (in affidavit form, signed in blue and thumbprint in red, witnessed by the same); which fully explains this justifiable method of payment. All of this was sent to the address provided on the bill for "The City of Sioux Falls (Inc.)" via certified mail, with return receipt. The Claimant also added that he wanted a receipt marked "Paid in full" to be mailed to him. The package was delivered and signed on or around February 11th, 2019.

12. Between the dates of February 11th, 2019 and the first date of a bill sent to the claimant's current address from AAA collections in the amount allegedly owed "The City of Sioux Falls, Inc.", no return of the claimant's payment was sent the claimant by mail; nor did the claimant ever receive mail indicating that the bill was not able to be paid in this manner; nor did the claimant ever receive a subsequent follow-up for the original bill; nor was one ever mailed to or received by any occupying parties at his current home address.

13. On or around the approximate date of April 2, 2019, the claimant then received the now $116 bill from AAA Collections, LLC, addressed to a dead corporate entity named CHRISTOPHER BRUCE; demanding payment of the bill, and threatening this entity with legal retributions.

14. On or around the date of 4/16/2019, the claimant made an attempt to serve notice of Cease and Desist/Intent to file civil suit to the individual/defendant Paul Ten Haken's personal secretary. Upon approach to the office of Mr. Ten Haken at City Hall, he was identified mistakenly as "Mr. Bruce," and called over by the building's security officer on duty at the time. Even though this has not been his name for 4 years, it used to be, and the claimant was sure the guard was on the lookout for him, since he had made his service attempt common knowledge. As he wanted the notice served, he humored him. This person was, evidently, a person able to accept service on behalf of Paul Ten Haken, and he did so at this time, stating he would take them for him. The claimant then produced copy of all that he was giving the defendant at this time; and had the security

officer sign the copies as "received" for the claimant's records. The man who accepted the notice was identified as Greg DeBoer, and this was confirmed via phone call information and by signature. He is allegedly a retired police officer, badge #622. The receipt for "Paid in full" was asked for again in this notice.

15. On or around 4/24/2019, the claimants received a charge of now $120.90 from AAA Collections LLC, addressed to the same dead corporate entity as before (CHRISTOPHER BRUCE, ALL CAPS), and not the claimant.

16. On or around the date of 5/6/2019, the claimant issued notice to cease and desist all communications/intent to file civil action to the 2nd defending party – AAA COLLECTIONS, LLC., along with a letter disputing the validity of Mr. Ten Haken's bill. Attached with this notice was evidence of the all that had transpired between the Living Man and "The City of Sioux Falls, Inc." concerning the matter they were attempting to collect. As of this date, there has been no response from the defendants Paul Ten Haken or AAA Collections, LLC.

17. On the date of 6/62019, the claimant did file an amended claim in this matter, then sent a copy to the defendant, Ten Haken, and sent it to several council members and several of his personal contacts, for his own protection approximately 2 hours later. It's also important to mention that not only did someone of the Clerk's office, or possibly a judge, did contact Mr. Ten Haken to tell him about this filing before I had chance to email it to him.

18. 2 hours after sending Mr. Ten Haken his copy, 4 Minnehaha County Sheriffs did break down the claimant's door; with guns drawn (the claimant did not wish to let them enter, as they had driven up in an unmarked vehicle, refused to show him ID or a warrant) and arrested him for a single misdemeanor stalking charge against Defendant Ten Haken; an obvious act of retaliation. This occurrence, in violation of my rights, will be filed separately. Sean Kooistra, another primary defendant in THIS matter; was the one to swear to damage of Ten Haken, in order to affect the claimant's arrest.

19. The claimant was then held on a wholly unconsttitional and unwarranted $50,000 cash only bail for nearly 2 months, in violation of Article I, Section 8 of the U.S. Constitution.

**GROUNDS FOR DAMAGE AND REQUEST FOR REMEDY:**

It was ruled in the Supreme Court of the United States that neither the UNITED STATES, INC., OR IT'S LESSER FRANCHISES, THE STATE OF SOUTH DAKOTA, INC, THE COUNTY OF MINNEHAHA INC.; and THE CITY OF SIOUX FALLS, INC. has any granted or legal authority to affect or enforce any corporate by-laws, rules, ordinances or statutes against; or punish as a result of the alleged "violation" of the aforementioned, on a designated State National (South Dakotan), A Living Breathing

Man in common law, or a person with address in the Republic or the Territory of South Dakota; without his informed consent. According to the same ruling, all of these fictions are, and I quote, "Figments of our imagination."

Also, there are currently no records in my current home state of informed, implied, presumed, or assumed consent made to the aforementioned, or any consent to be ruled by the bylaws (or entered into verbal or written agreements) between any of the afore entities and the claimant on file anywhere; save the email agreeing to the POSSIBLE charges that might be incurred of the claimant in answer to my FREEDOM OF INFORMATION ACT REQUEST; which it would appear is hardly free at all. Should the email conversation between an actor for the corporate fiction (The City Clerk) and the claimant be somehow able to allow the court to construct an implied or verbal contract between the claimant and the 2 corporate fictions, Defendant Ten Haken and "The City of Sioux Falls;" know that, upon doing so, the claimant will then claim damage against the entity acting in that position as well, in that the terms and conditions implied in any subsequent responses (or, in this case, NON-responses) by those of this franchise were largely violated, since no answer was provided to most questions, no breakdown of work performance was given the claimant, and the work discussed and defined by City's ordinances did not match what the claimant was billed for. Furthermore, both the bill and its subsequent collection was addressed to CHRISTOPHER BRUCE, a dead corporate entity, an entity the claimant has not been for nearly 4 years now. Currently, there are no other fictions carrying any such active contracts or agreements with the claimant either.

The claimant requests, therefore, as his remedy for the damage in fact by Paul Ten Haken including, but not limited to: unfair billing for almost no service that was either defined or rendered, the disregard of the payment made, costs that were incurred during these processes which are, but are not limited to: Mailing costs, printing costs; hours spent on legal documents and services, the claimant's valuable time (at the rate of $100/per hour), and the damage made to the claimant's credit score that occurred when Paul Ten Haken, for the 25% of this bill he received from AAA Collections, LLC for turning it over to this defendant for collecting, without additional attempts to re-collect his alleged "Bill;" did not send the payment sent in back to the claimant, did not present the claimant with additional notice of the amount due; but instead turned it over to defending party AAA Collections LLC; then having the claimant falsely arrested for the crime of "Stalking", and dragging the good name of the claimant through the mud; and violating his Constitutional rights of life and liberty, his inalienable and protected rights of free speech; the claimant asks the court to grant the claimant the amount of $20,000 in lawful currency, defined by the Constitution of the United States (Gold or silver) be paid the claimant, for the harm done to him and his good name, upon demand.

For the damage incurred by AAA Collections; For the damage of harassment of this claimant on two separate occasions; on the basis of an unlawful attempt to extort FRN's from the claimant for no service rendered by the franchise business "The City of Sioux Falls;" and attempting to assign this debt to a debtor that does not exist using my

5

residential mailing address; and utilizing the color of law and threats of legal duress; the court is asked to award the plaintiff the amount of $1000.00 in lawful Constitutional money (gold or silver) for pain and suffering, upon demand.

For the damage incurred by Sean Kooistra, in the event that he attempted to deprive the claimant of his unalienable right to free speech using color of law on two separate occasions, and also for the crime of conspiring with defendant Ten Haken using legal duress, then swearing to an affidavit that lead to the arrest of the claimant on false allegations in retaliation for THIS LAWSUIT, in conspiracy against the rights of the claimant; the claimant asks for $10,000 in lawful Constitutional money (gold or silver.), upon demand.

The claimant would also ask this court to grant the claimant injunctive relief against the individual defendants, Paul Ten Haken and Sean Kooistra; in the form of a one-way enforceable restraining order with negotiable conditions, to ensure the claimant no actions of retribution befall the claimant out of the defendants' likely vindictive feelings; those that may result from the decision that is sure to be made in this action in the claimant's favor.

The claimant has presented all the aforementioned in truth, to the best of his knowledge.

The claimant asks for a jury trial in this matter.

_____       Date_____

Christopher William of the family of Bruce, a living man

Sui Juris, All rights reserved, without Prejudice


_____       Date _____

Elizabeth Marie of the family of Bruce, a living woman

Witness

residential mailing address; and utilizing the color of law and threats of legal duress; the court is asked to award the plaintiff the amount of $1000.00 in lawful Constitutional money (gold or silver) for pain and suffering, upon demand.

For the damage incurred by Sean Kooistra, in the event that he attempted to deprive the claimant of his unalienable right to free speech using color of law on two separate occasions, and also for the crime of conspiring with defendant Ten Haken using legal duress, then swearing to an affidavit that lead to the arrest of the claimant on false allegations in retaliation for THIS LAWSUIT, in conspiracy against the rights of the claimant; the claimant asks for $10,000 in lawful Constitutional money (gold or silver.), upon demand.

The claimant would also ask this court to grant the claimant injunctive relief against the individual defendants, Paul Ten Haken and Sean Kooistra; in the form of a one-way enforceable restraining order with negotiable conditions, to ensure the claimant no actions of retribution befall the claimant out of the defendants' likely vindictive feelings; those that may result from the decision that is sure to be made in this action in the claimant's favor.

The claimant has presented all the aforementioned in truth, to the best of his knowledge.

The claimant asks for a jury trial in this matter.

_____  Date 8/22/19
Christopher William of the family of Bruce, a living man
Sui Juris, All rights reserved, without Prejudice

_____  Date 8-22-19
Elizabeth Marie of the family of Bruce, a living woman
Witness