UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER WILLIAM, THE LIVING MAN;<br><br>Plaintiff,<br><br>vs.<br><br>PAUL TENHAKEN, SEAN KOOISTRA, AAA COLLECTIONS, LLC;<br><br>Defendants. | 4:19-CV-04096-RAL<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AND ORDER DISMISSING CASE |

Plaintiff, Christopher William, the Living Man, filed a pro se civil rights law suit under 42 U.S.C. § 1983 and 5 U.S.C. § 552 (Freedom of Information Act). Doc. 12. William has filed an application to proceed in forma pauperis. Doc. 2. William also filed a motion to receive electronic filings and a motion to serve summons at the United States Court's expense. Docs. 3, 8. William includes AAA Collections, LLC, in his amended complaint. Doc. 12. This Court grants William leave to amend his complaint to add AAA Collections, LLC, as a defendant. Thus, this Court's § 1915A screening focuses on William's amended complaint, Doc. 12.

I.  **Motion to Proceed In Forma Pauperis**

A federal court may authorize the commencement of any lawsuit without prepayment of fees when an applicant submits an affidavit stating he or she is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915(a)(1). "[I]n forma pauperis status does not require a litigant to demonstrate absolute destitution." *Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000). But in forma pauperis status is a privilege, not a right. *Williams v. McKenzie*, 834 F.2d 152, 154

(8th Cir. 1987). Determining whether an applicant is sufficiently impoverished to qualify to proceed in forma pauperis under § 1915 is committed to the sound discretion of the district court. *Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983).

According to William's application to proceed in district court he reported his gross pay and his take-home pay as $0.00. Doc. 2 at 1. Further, William reports that the amount of money he has in cash and checking is $0.00. *Id.* at 2. William's application shows insufficient funds to pay the filing fee. *Id.* Thus, William's motion to proceed in forma pauperis (Doc. 2) is granted.

## II.    Allegations of Amended Complaint

William claims that on November 18, 2018, he submitted a message to Sioux Falls Mayor Paul Tenhaken claiming that they "had a friend in common, and that this person knew his whole family." Doc. 12 at ¶ 1. William claims this was a "friendly heads up." *Id.* William alleges that City Attorney Kooistra called him and when William returned the call Kooistra allegedly warned "that he should no longer send such a personal message to Mr. Ten Haken [sic]." *Id.* at ¶ 2. William claims that in this message Kooistra "intended to conspire with defendant Ten Haken [sic] to violate his inalienable right of free speech." *Id.* at ¶ 3.

William claims that on March 10, 2019, he sent copies of a document to seventy-two city workers that included the following language: " 'I bet the first person to say, 'You can't fight city hall' was a person who worked for city hall who was tired of people fighting city hall all the time. I say, you can fight city hall, you just need a bigger gun, better bullets and harder armor. - Christopher, The Living Man.' " *Id.* at ¶ 4. William claims that Kooistra contacted him again and "warned him to remove this quote from the document before sending it to anyone else, essentially presenting once again, that he intended to conspire with the defendant, Mr. Ten Haken [sic], to violate the claimant's inalienable right to free speech." *Id.* at ¶¶ 5-6.

2

William claims that around December 29, 2018, he sent a Freedom of Information Act (FOIA) request to the City of Sioux Falls, Inc., "a business run by Mr. Paul Ten Haken [sic]" and asked for "all information available on record for a brand[-]new technology currently being installed within the limits of 'The City of Sioux Falls, Inc.' -The 5G Cell Phone upgrade; and the plan to make Sioux Falls a 'Smart City' [] as well as all information about its new LED lighting system." *Id.* at ¶ 7. William claims he received an email in response asking about incurring a record search cost and he replied "That's fine. Go ahead." *Id.* at ¶ 8-9. William claims the FOIA request was "largely not answered" and he was charged with "$115.82, for 14 hours of 'Multi-Media Support.' " *Id.* at ¶ 10. William alleges he "offered to settle this unlawful bill in the form of the only recently discoverable means of making this payment lawfully that he was aware of: coffee beans, at a rate of 1 whole bean per dollar." *Id.* at ¶ 11.

William claims on April 2, 2019, he received a bill of $116.00 from AAA Collections, LLC, addressed to a "dead corporate entity" known as "CHRISTOPHER BRUCE." *Id.* at ¶ 13. William alleges that on April 16, 2019, he attempted to serve notice of a cease and desist letter on Paul TenHaken's "personal secretary." *Id.* at ¶ 14. William claims that when he approached City Hall a security officer called him "Mr. Bruce," and William contends that he has not gone by this name for four years and believes that the guard must have been on the lookout for him. *Id.* at ¶ 14.

William claims he received another bill from AAA Collections, LLC, on April 24, 2019, addressed to the same "dead corporate entity" for the amount of $120.90. *Id.* at ¶ 15. William alleges he filed an amended complaint and sent it to TenHanken and argues that "someone of the Clerk's office, or possibly a judge [] contact[ed] Mr. Ten Haken [sic] to tell him about his filing before I had chance to email it to him." *Id.* at ¶ 17. Further, William claims that two hours after

3

sending the amended claim sheriffs broke down his door, guns drawn, and arrested him for "a single misdemeanor stalking charge" against TenHaken. *Id.* at ¶ 18. William notes that this "violation of my rights, will be filed separately." *Id.* William asks for monetary damages (paid in gold or silver) as well as injunctive relief. *See id.* at 4-6.

## III. Screening and Dismissal Standards

A court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Civil rights and pro se complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985); *Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993); *Parker v. Porter*, 221 F. App'x 481, 482 (8th Cir. 2007).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* at 555; *see also Abdullah v. Minnesota*, 261 Fed. Appx. 926, 927 (8th Cir. 2008) (citing *Twombly* noting complaint must contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory).

Under 28 U.S.C. § 1915A, a district court screens in forma pauperis complaints and dismisses them if they are "(1) frivolous, malicious, or fail[] to state a claim upon which relief

4

may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). "The Eighth Circuit has on several occasions affirmed decisions dismissing non[-]prisoner cases" under § 1915A. *Key v. Does*, 217 F. Supp. 3d 1006, 1007 (E.D. Ark. 2016); *see e.g., Stebbins v. Stebbins*, 575 F. App'x 705 (8th Cir. 2014) (unpublished per curiam); *Fogle v. Blake*, 227 F. App'x 542 (8th Cir. 2007); *Benter v. Iowa*, 221 F. App'x 471 (8th Cir. 2007); *Carter v. Bickhaus*, 142 142 Fed. Appx. 937 (8th Cir. 2005) (unpublished per curiam).

## IV. Section 1915A Screening of Amended Complaint

William's civil complaint sheet included conspiracy claims under 18 U.S.C. § 241 and 42 U.S.C. § 1983. This Court has ruled that there is no private right of action under the criminal statute of 18 U.S.C. § 241. *Mousseaux v. United States Comm'r of Indian Affairs*, 806 F.Supp. 1433, 1437 (D.S.D. 1992). In order to survive § 1915A screening on his § 1983 conspiracy claim, William must show "[1)] that the defendant conspired with others to deprive him or her of a constitutional right; [2)] that at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; [3)] and that the overt act injured the plaintiff." *Askew v. Millerd*, 191 F.3d 953, 957 (8th Cir. 1999). Further, the plaintiff must "prove a deprivation of a constitutional right or privilege." *Id.*

"[T]he plaintiff need not show that each participant knew 'the exact limits of the illegal plan . . . ' but the plaintiff must show evidence sufficient to support the conclusion that the defendants reached an agreement to deprive the plaintiff of constitutionally guaranteed rights." *Burton v. St. Louis Bd. of Police Comm'rs*, 731 F.2d 784, 797 (8th Cir. 2013) (quoting *Larson by Larson v. Miller*, 76 F.3d 1446, 1458 (8th Cir. 1999)).

5

Here, William alleges that Kooistra warned William "that he should no longer send such a personal message to Mr. Ten Haken [sic]." *Id.* at ¶ 2. William claims that in this message Kooistra "intended to conspire with defendant Ten Haken [sic] to violate his inalienable right of free speech." *Id.* at ¶ 3. William's argument that Kooistra "intended to conspire" with TenHaken, a mere intention, does not meet the standard set forth in *Askew* for the first element. This statement does not show that the defendants reached an agreement as required in *Burton*, and William has not stated any other facts to show that defendants made an agreement to conspire against William. The burden is on William to show that "the defendant conspired with others." It is insufficient by itself to say that the defendant had an "intention."

Similarly, William alleges that Kooistra and TenHaken conspired against him when Kooistra allegedly contacted William and "warned him to remove this quote from the document before sending it to anyone else, essentially presenting once again, that he intended to conspire with the defendant, Mr. Ten Haken [sic], to violate the claimant's inalienable right to free speech." *Id.* at ¶¶ 5-6. Again, William alleges only that Kooistra "intended to conspire with" TenHaken. William does not allege sufficient facts to show that the "defendant conspired with others to deprive him or her of a constitutional right" required by *Askew*. A plaintiff cannot rely on "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

Moreover, William has failed to allege deprivation of a constitutional right. "The most stringent protection of free speech would not protect a man in falsely shouting fire in a theatre and causing a panic. It does not even protect a man from an injunction against uttering words that may have all the effect of force." *Schenk v. United States*, 249 U.S. 47, 52 (1919) (citing *Gompers v. Bucks Stove & Range Co.*, 221 U.S. 418, 439 (1911)). "The question in every case is

6

whether the words used are used in such circumstances and are of such a nature as to create a clear and present danger that they will bring about the substantive evils that Congress has a right to prevent." *Schenk*, 249 U.S. at 52. For sure, the right to free speech or to petition the government are First Amendment rights. *See* U.S. CONST. amend. I, § 1. However, no one — including Christopher William, the Living Man — has a First Amendment right to subtly or overtly threaten a public official or officials through messages about having someone who knows TenHaken's "whole family" or about how to fight City Hall "you just need a bigger gun, better bullets and harder armor." Doc. 12 at ¶¶ 1,4. Thus, William's conspiracy claims against Kooistra and TenHaken are dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

William raises that a defendant has violated the FOIA. It is unclear as to which defendant William intended to raise this claim against as his named defendants are Paul TenHaken, Sean Kooistra, and AAA Collections, LLC. In his amended complaint, William alleges that he sent a FOIA request to the City of Sioux Falls, Inc., "a business run by Mr. Paul Ten Haken [sic]" and asked for "all information available on record for a brand[-]new technology currently being installed within the limits of 'The City of Sioux Falls, Inc.' -The 5G Cell Phone upgrade; and the plan to make Sioux Falls a 'Smart City' [] as well as all information about its new LED lighting system." *Id.* at ¶ 7.

William did not file his complaint against The City of Sioux Falls, Inc., and even if he had, William's FOIA claim against all defendant fails under § 1915A review. The FOIA requires federal agencies to maintain and produce public records. *See* 5 U.S.C. §§ 551-559. "The Freedom of Information Act applies only to federal agencies, and 'has no application to state governments.'" *Abbott v. Trog*, 2010 U.S. Dist. LEXIS at *24 (E.D. Mo. January 14, 2010) (citing *Davidson v. Georgia*, 622 F.2d 895, 897 (5th Cir. 1980)). Defendants TenHaken,

7

Kooistra, and AAA Collections, LLC, are not federal agencies or representatives for federal agencies, thus the FOIA does not apply to them. Even though The City of Sioux Falls, Inc. is not a named defendant, the FOIA does not apply to this organization either, William's FOIA claim against all defendants is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

## V. Order

For the reasons explained, it is

ORDERED that William's motion to receive electronic filings is granted, Doc. 3, but because William's claims do not survive screening, his motion to serve defendants, Doc. 8, is moot. It is further

ORDERED that William's motion to proceed in forma paupers, Doc. 2, is granted. It is further

ORDERED that William's § 1983 conspiracy claims against TenHaken and Kooistra do not survive screening and are dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). It is further

ORDERED that William's conspiracy claims under 18 U.S.C. § 241 against TenHaken and Kooistra are dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). It is further

ORDERED that William's Freedom of Information Act claim against all defendants is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). It is further

ORDERED that William's complaint shall be dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

DATED September 24th, 2019.

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE